## St. Marys Machine Company v. William Ehrenphort et al.

FINDINGS OF COURT—*when not disturbed as against the evidence.* The findings of a court will not be set aside on review as against the evidence unless it is clearly and manifestly against the weight of the evidence.

Bill in chancery. Appeal from the Circuit Court of Effingham county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

WRIGHT BROS., for appellant.

S. F. GILMORE, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This was a proceeding by bill in chancery filed by appellant in the Circuit Court of Effingham county to foreclose a chattel mortgage and subject the property therein described to the payment of a debt due and owing by appellee, Ehrenphort, to appellant, evidenced by a number of promissory notes, amounting to $1,241.80, to secure which the mortgage was given.

The mortgage and notes were made and dated March 20, 1906, at St. Marys, Ohio, where the mortgagor and mortgagee resided and where the property at that time was located. The mortgage was duly executed and acknowledged before a notary public in Ohio on the day of date, and on July 16, 1906, was recorded in

the recorder's office of Effingham county, Illinois. On the twenty-eighth day of March, 1906, Ehrenphort moved with the mortgaged property to Montrose, Effingham county, Illinois, where he immediately engaged with the Montrose Prospecting Company and began work drilling for oil. August 16, 1906, the mortgaged property was attached under writ against Ehrenphort sued out by appellee Beach. On September 13th the appellees Bates and Vaughen had judgment against Ehrenphort, upon which executions were issued and placed in the hands of the sheriff. On the same day this bill was filed praying for a foreclosure of the mortgage, a sale of the property and application of the proceeds to the payment of the mortgage debt. The appellee, the attaching and judgment creditors, and the sheriff are made parties defendant. The defendants answering deny that Ehrenphort was indebted to complainant, that he made, acknowledged and delivered to complainant the chattel mortgage described in the bill, that complainant has a valid lien upon said property, and aver that the mortgage was fraudulent and not made or taken in good faith. It is averred in the answer that Ehrenphort, from the time he received and set up the property in the vicinity of Montrose, claimed and used the property as his own, and relying upon his declarations, possession, and use of the property, credit was given for work, labor, board, goods and cash advanced, for which the several suits mentioned were brought and upon which attachments or executions were issued. The cause was heard by court upon bill, answers and replications, and a decree was entered dismissing the bill as to the defendant creditors, from which the complainant appealed to this court. It may be observed that the decree (like the earth in the beginning), "is without form and (almost) void." There is no final disposition of the case as to defendant Ehrenphort, nor any finding of the court showing equitable defense by him. It seems that the written opinion and argument of the trial

judge on the hearing for some reason was adopted and recorded as the decree. This unnecessarily encumbers. and complicates the record as indicated. As this is a matter of form rather than substance, that could readily have been corrected in the lower court on application, and no complaint being made here, we pass to a consideration of the question presented by argument in this court. The only contention made by appellant is that the decree is not justified by the evidence. The question upon that contention being one of fact, the Appellate Court will not reverse the findings of the trial court unless it clearly appears from an examination of the whole record that the findings and decree are manifestly against the weight of evidence, and in such degree as to work injustice if allowed to stand. One question made by answers to the bill of complaint was, whether or not the chattel mortgage was a fraud upon creditors, who, acting in good faith upon Ehrenphort's use, claim of ownership and possession of the mortgaged property, gave him credit to the amount of debts claimed prior to the recording or any notice of the mortgage or of appellant's claim. Upon this issue, and we need discuss no other, we think the evidence fully warrants the decree. In fact, it is not disputed. Prior to filing the mortgage for record in Illinois, appellant had no lien upon the property as against creditors. The property belonged to Ehrenphort; he was in possession. It was then, as he claimed, clear of encumbrance so far as creditors were concerned and was subject to execution and attachment for his debts. It afforded a basis of credit, and credit being given in good faith, that is, without notice of the mortgage lien, it is quite within the jurisdiction of equity to protect the creditors against a subsequently asserted lien. This is an equitable proceeding by which appellant seeks to enforce a mortgage lien against the property, and it was for the court to adjust the priority of equitable rights between appellant and appellees. Appellant may not

complain of consequences due to its own neglect and failure to secure the benefit of the mortgage by recording it earlier. Moreover, the evidence tends strongly to prove, if it does not fully establish, that Ehrenphort was insolvent when he came to Illinois, which appellant knew, and that appellant also knew or might reasonably have suspected that Ehrenphort required credit in his business, and that such credit could be obtained only upon the belief that he owned the outfit and property in his possession and use. No sufficient reason is given for withholding the mortgage from record until Ehrenphort's credit was exhausted, or nearly so, and it is not an unreasonable inference that this was done and intended for the very purpose of concealing from creditors Ehrenphort's insolvency. It may have been a commendable motive to shield Ehrenphort, but if such indulgence resulted in prejudice to other creditors the act was fraudulent in law and appellant alone must suffer the consequence. The evidence of what was said by Ehrenphort in the absence of any representative of appellant, respecting the ownership of the property, was proper, not in proof of the fact of ownership, but to show that those who gave credit did so in good faith believing the property to be as represented. In view of what has already been said, we do not deem it necessary to consider other grounds upon which a reversal of the decree is asked. It is sufficient that the evidence justified the decree for the reasons stated, and it will therefore be affirmed.

*Affirmed.*